·JANDT & TOMPKINS, Appellants v. N. C. BRONK *et al.*, Appellees.

Appeal: QUESTIONS NOT RAISED BELOW: EVIDENCE OF ESTOPPEL. In an action on a note, the defendant pleaded an estoppel, and the court instructed the jury that the burden was upon the defendant to establish his defense by a preponderance of the evidence. There was no contention in the trial court that the doctrine of the instruction was incorrect. *Held*, that the instruction was the law of the case; and that, the claim that it required more than a preponderance of the evidence to establish the estoppel pleaded, and that the verdict for the defendant was not supported by such higher degree of evidence, could not be made for the first time in the supreme court.

*Appeal from Woodbury District Court.*—HON SCOTT M. LADD, Judge.

SATURDAY, MAY 27, 1893.

ACTION on a promissory note, jointly made by the defendants to the plaintiff firm. The defendant Ferguson alone answers, pleading, among other defenses, an estoppel. The jury found for the defendant Ferguson on his plea of estoppel, and from a judgment on the verdict the plaintiff appeals.—*Affirmed.*

*J. S. Lothrop* and *R. M. Dott*, for appellant.

*T. E. Bevington* and *Wright, Hubbard, & Yeomans*, for appellee.

GRANGER, J.—The argument of the case is limited to a single assignment, that of the sufficiency of the the evidence to support the verdict. We can not better indicate the spirit of appellant's contention than by a quotation from its argument, as follows:

"There is a conflict in the evidence, it is true, but leaving out of consideration the fact of such conflict, giving to appellee Ferguson the full weight of all that is shown for him in the evidence, and leave such as directly conflicts therewith out of consideration. That is, where the testimony of appellant and appellee directly clash, as in dispute, consider only that favorable to appellee, and the evidence so considered, measured by the law governing estoppel, can not be made to support the verdict of the jury. We insist, as in our former brief, that the estoppel claimed must be made out by proof conclusive in its character, and the fact that there was a conflict in the evidence at the trial below will not prevent this court from an examination of the evidence to see if the evidence, with or without conflict, creates an estoppel against appellants."

That the verdict has such support in the evidence that, by the rule of mere preponderance, we should not disturb it, there is positively no doubt. Nor do we understand appellant to contend otherwise. The argu-

ment is a candid admission of the conflict, and the quoted portion, as well as its general tenor, is a contention for a different rule as applicable to estoppel. The contention, in view of the record, is easily settled. The court, in its instructions, said to the jury: "You are instructed that the burden is upon the defendant Ferguson to establish his defense by a preponderance of the evidence." Again, the court said: "By a preponderance of evidence is meant the greater weight of evidence; that which, on the whole, produces the stronger impression on the mind, and is the more convincing as to its truth, when weighed against the evidence in opposition thereto." The correctness of these instructions is not brought in question on this appeal, and hence they are the rules that must govern the case, in so far as they apply.

The rule contended for differs from that given by the court as widely as the subject of their application, the degree of proof essential to establish a given fact, will admit of. That given is the ordinary rule of preponderance; that contended for is the highest degree of proof known to the law, such as places a fact beyond dispute. To sustain the rule contended for is to indirectly override the rule given by the court. It is not to be gathered from the record that, at the trial below, the proposition now contended for was in the minds of any. The plaintiff asked instructions, but nothing of the kind now contended for. The verdict was found upon the rule of the instructions given, and we can not set it aside upon the rule now urged, which would be the effect of holding that the verdict has not support in the evidence, under the claim of appellant.

It is said that the representations, to amount to an estoppel, must have been willfully made, "that there must have been a fraudulent intent" in making them. We are not to be understood as concurring in the view stated, as it is sought to be applied; but appellant meets

in this connection, with the same difficulty as before.

The argument is, under the assignment of error, that the verdict is without support in the testimony. The facts of the estoppel are pleaded, and the proofs are as broad as the averments. The instructions authorize a verdict for the defendant upon proof of the facts pleaded, and the effect of the complaint is to challenge the rule of law as given, and it can not be done upon a complaint as to sufficiency of the evidence to support the verdict.

It is also urged that there can be no estoppel unless the party relied upon the representations made. That is an element of the estoppel as pleaded. The court so instructed, and the evidence is so in support of it that the verdict is warranted.

Considerable is said in argument upon the elements of estoppels, but we need only say, as we have, in effect, that the averments upon which the estoppel in the case rests have the requisite support to sustain the verdict, and the judgment is AFFIRMED.